TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Resurgence Financial, LLC, Jordan David Cook and
Nathan Andrew Searles

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMILIA RAZO CASTILLO, | CASE NO.: C07 05928 PVT (RMW) |
| Plaintiff, | **ANSWER** |
| vs. | |
| RESURGENCE FINANCIAL, LLC, an Illinois Limited Liability Corporation, JORDAN DAVID COOK, individually and in his official capacity, and NATHAN ANDREW SEARLES, individually and in his official capacity, | |
| Defendants. | |

1    Defendants RESURGENCE FINANCIAL, LLC ("Resurgence"), JORDAN

2    DAVID COOK ("Cook") and NATHAN ANDREW SEARLES ("Searles"),

3    (collectively, "Defendants") hereby submit the following Answer to the Complaint filed

4    in this action by plaintiff EMILIA RAZO CASTILLO ("Plaintiff"):

5        1.    In answering Paragraph 1 of the Complaint, Defendants aver that the

6    contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the

7    Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* are

8    self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1

9    are denied.

10       2.    In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff

11   alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §

12   1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant

13   to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph

14   2 are denied.

15       3.    Denied.

16       4.    In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff

17   alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Defendants

18   further admit that Resurgence has, at times, transacted interstate business with residents

19   of the Northern District of California.  Except as herein admitted, the remaining

20   allegations of Paragraph 4 are denied.

21       5.    In answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff

22   alleges that this lawsuit should be assigned to the San Jose Division of this Court.

23   Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

24       6.    In answering Paragraph 6 of the Complaint, Defendants admit, on

25   information and belief, that Plaintiff is a natural person residing in Santa Clara County,

26   California.  Defendants lack sufficient knowledge to form a belief as to whether

27   Plaintiff's financial obligation at issue was incurred primarily for personal, family or

28   household purposes, and therefore can neither admit nor deny whether Plaintiff

qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as defined by Cal. Civ. Code § 1788.2(h).  On that basis, Defendants deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7.    In answering Paragraph 7 of the Complaint, Defendants admit that Resurgence is an Illinois limited liability company with a principal place of business located at 4100 Commercial Avenue, Northbrook, Illinois 60062.  Defendants further admit that Resurgence has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c); that it uses the mail and telephone to conduct its business; and that it has, at times, attempted to collect debts that are due to others. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8.    In answering Paragraph 8 of the Complaint, Defendants admit that Cook is a natural person, and is a licensed attorney in the state of California, and an employee of Resurgence.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9.    In answering Paragraph 9 of the Complaint, Defendants admit that Searles is a natural person, and is a licensed attorney in the state of California, and an employee of Resurgence.  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.    Denied.

11.    In answering Paragraph 11 of the Complaint, Defendants admit, on information and belief, that Plaintiff incurred a financial obligation through the use of a credit card account which was issued by Citibank (South Dakota), N.A. ("Citibank"). Defendants lack sufficient knowledge to form a belief as to the remaining allegations of Paragraph 11 of the Complaint and on that basis, deny them.

12.    Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 12 of the Complaint, and on that basis, deny them.

13.    Defendants admit, on information and belief, the allegations of Paragraph 13 of the Complaint.

14.    Defendants lack sufficient knowledge to form a belief as to the allegations of Paragraph 14 of the Complaint, and on that basis, deny them.

15.    In answering Paragraph 15 of the Complaint, Defendants admit that the account at issue was governed by a written agreement with Citibank, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16.    Admitted on information and belief.

17.    Admitted on information and belief.

18.    Admitted.

19.    In answering Paragraph 19 of the Complaint, Defendants admit that Resurgence caused a lawsuit to be filed against Plaintiff in the Superior Court of California, County of Santa Clara entitled *Resurgence Financial, LLC v. Emilia R. Castillo*, case number 1-06-CV-076017 (the "Underlying Action"), the contents of which complaint are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.     In answering Paragraph 20 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.    Denied.

22.    Denied.

23.     In answering Paragraph 23 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    Denied.

25.     In answering Paragraph 25 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.    In answering Paragraph 26 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    In answering Paragraph 30 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31.    In answering Paragraph 31 of the Complaint, Defendants admit that the contents the complaint in the Underlying Action are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    In answering Paragraph 37 of the Complaint, Defendants admit that Resurgence caused to be filed and served in the Underlying Action a document entitled "Waiver of Attorney Fees in Support of Entry of Default Judgment [C.C. 1717.5] and Waiver of Interest" dated March 15, 2007.  Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38.    In answering Paragraph 38 of the Complaint, Defendants admit that Resurgence caused to be filed and served in the Underlying Action a document entitled "Waiver of Attorney Fees in Support of Entry of Default Judgment [C.C. 1717.5] and Waiver of Interest" dated March 15, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

39.    In answering Paragraph 39 of the Complaint, Defendants admit that Resurgence caused to be filed and served in the Underlying Action a document entitled "Waiver of Attorney Fees in Support of Entry of Default Judgment [C.C. 1717.5] and Waiver of Interest" dated March 15, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40.    In answering Paragraph 40 of the Complaint, Defendants admit that Resurgence caused to be filed and served in the Underlying Action a document entitled "Waiver of Attorney Fees in Support of Entry of Default Judgment [C.C. 1717.5] and Waiver of Interest" dated March 15, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 40 are denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    In answering Paragraph 44 of the Complaint, Defendants admit that Plaintiff purports to bring her first claim for relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Except as herein admitted, the remaining allegations of Paragraph 44 are denied.

45.    Defendants incorporate by reference paragraphs 1 through 43 above as if fully stated herein.

46.    In answering Paragraph 46 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

47.    In answering Paragraph 47 of the Complaint, Defendants admit that Resurgence has, at times, acted as a debt collector as defined by 15 U.S.C § 1692a(3). Except as herein admitted, the remaining allegations of Paragraph 47 are denied.

48.     Denied.

49.     Denied.

50.     In answering Paragraph 50 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(6) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 50 are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     In answering Paragraph 54 of the Complaint, Defendants admit that Plaintiff purports to bring her second cause of action against Resurgence pursuant to the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*  Except as herein admitted, the remaining allegations of Paragraph 54 are denied.

55.     Defendants incorporate by reference paragraphs 1 through 53 above as if fully stated herein.

56.     In answering Paragraph 56 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 56 are denied.

57.     In answering Paragraph 57 of the Complaint, Defendants admit that Resurgence has, at times, acted as a debt collector as defined by Cal. Civ. Code § 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 47 are denied.

1    58.    In answering Paragraph 58 of the Complaint, Defendants lack sufficient

2    knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

3    incurred primarily for personal, family or household purposes, and therefore can neither

4    admit nor deny whether it qualifies as a "consumer debt" as defined by Cal. Civ. Code §

5    1788.2(f) and on that basis, deny the allegation.  Except as herein admitted, the

6    remaining allegations of Paragraph 50 are denied.

7    59.    Denied.

8    60.    Denied.

9    61.    Denied.

10    62.    Denied.

11    63.    Denied.

12    64.    In answering Paragraph 64 of the Complaint, Defendants aver that the

13    contents of Ca. Civ. Code § 1788.32 are self-explanatory.  Except as herein admitted,

14    the remaining allegations of Paragraph 64 are denied.

15

16                          **AFFIRMATIVE DEFENSES**

17    As and for separate affirmative defenses to the Complaint, Defendants

18    allege as follows:

19

20                      **FIRST AFFIRMATIVE DEFENSE**

21                          **(Failure to State a Claim)**

22    The allegations of the Complaint fail to state a claim against Defendants upon

23    which relief can be granted.

24

25                    **SECOND AFFIRMATIVE DEFENSE**

26                    **(Statute of Limitations/Laches)**

27    The purported claims set forth in the Complaint are barred in whole or in part by

28    the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

### SEVENTH  AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Debt Collector)

Defendants were not acting as debt collectors under state or federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The alleged communications identified in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation. Plaintiff's state law claims are therefore barred, in whole or in part, by the litigation privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Communications)

Any alleged communication that was made to the state court or to Plaintiff's counsel is not actionable under the FDCPA or the Rosenthal Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' alleged conduct and communications in attempting to collect a debt is entitled to protection under the First Amendment of the Constitution of the United States. Plaintiff's proposed interpretation of the provisions of the FDCPA must be

1  rejected as they would place an unreasonable restraint upon the exercise of Defendants'

2  rights, thereby raising serious constitutional issues.

3

4      WHEREFORE, Defendants request judgment as follows:

5      1.  That Plaintiff take nothing by the Complaint, which should be dismissed with

6  prejudice.

7      2.  That Defendants recover from Plaintiff costs according to proof.

8      3.  That Defendants recover attorneys' fees according to proof.

9      4.  That the Court orders such other further reasonable relief as the Court may

10  deem just and proper.

11

12  DATED: January 3, 2008                SIMMONDS & NARITA LLP
                                          TOMIO B. NARITA
13                                        JEFFREY A. TOPOR

14

15

16                        By:   s/Tomio B. Narita
                                _____
17                              Tomio B. Narita
                                Attorneys for Defendants
18                              Resurgence Financial LLC, Jordan David Cook
                                and Nathan Andrew Searles

19

20

21

22

23

24

25

26

27

28