Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
EMILIA RAZO CASTILLO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EMILIA RAZO CASTILLO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RESURGENCE FINANCIAL, LLC, an Illinois limited liability company, JORDAN DAVID COOK, individually and in his official capacity, and NATHAN ANDREW SEARLES, individually and in his official capacity,<br><br>　　　　　　Defendants. | Case No. C07-05928-RMW-PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:　　　　March 28, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　 Honorable Patricia V. Trumbull<br>Courtroom:　5, 4th Floor<br>Place:　　　 280 South First Street<br>　　　　　　 San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on March 28, 2008, at 9:00 a.m. The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.　Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No parties remain to be served.

**2.　Statement of Facts**

　　**a.　Plaintiff's Statement**

This case is brought by an individual consumer to address Defendants' violations of the Fair

-1-

Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The alleged violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff. The relevant documents have been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants. Thereafter, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, County of Santa Clara, entitled *Resurgence Financial, LLC v. Emilia R. Castillo, et al.*, Case No. 1-06-CV-076017 (hereinafter the "*Resurgence v. Castillo* complaint"), in an attempt to collect the debt. Plaintiff contends that Defendants:

1. Misrepresented the character, amount or legal status of the account, in violation of 15 U.S.C. § 1692e(2)(A), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

2. Misrepresented the compensation which may be lawfully received by Defendants for the collection of the account, in violation of 15 U.S.C. § 1692e(2)(B), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

3. Falsely represented or implied that attorney COOK had reviewed Plaintiff's account when COOK had not done so, in violation of 15 U.S.C. §§ 1692e(3), 1692e(10), Cal. Civil Code § 1788.17, Cal. Civil Code §§ 1788.13(c) and 1788.16;

4. Falsely represented or implied that attorney SEARLES had reviewed Plaintiff's account when SEARLES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

5. Falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

6. Misrepresented the true source or nature of the collection communications,

in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

7. Threatened to collect attorney's fees from Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

8. Threatened to collect interest from Plaintiff, an action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

9. Attempted or threatened to collect on an "open account," an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5) and Cal. Civil Code § 1788.17;

10. Misrepresented that it was lawfully entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5, in violation of 15 U.S.C. § 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

11. Misrepresented that it had "retained counsel for the purpose of [the *Resurgence v. Castillo*] action", in violation of 15 U.S.C. § 1692e(10) and Cal. Civil Code § 1788.17; and

12. Attempted or threatened to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the account or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e)

**b.  Defendants' Statement**

Defendants deny all of the material allegations of the complaint, and deny that they have violated the FDCPA or the California Rosenthal Act. Defendants have filed an Answer to the complaint which sets forth their affirmative defenses to Plaintiff's claims.

**3.  Legal Issues**

The principal legal issues which the parties dispute:

A. Whether Defendants misrepresented the character, amount or legal status of the account, in violation of 15 U.S.C. § 1692e(2)(A), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

B. Whether Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the account, in violation of 15 U.S.C. § 1692e(2)(B), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

C. Whether Defendants falsely represented or implied that attorney COOK had reviewed Plaintiff's account when COOK had not done so, in violation of 15 U.S.C. §§ 1692e(3), 1692e(10), Cal. Civil Code § 1788.17, Cal. Civil Code §§ 1788.13(c) and 1788.16;

D. Whether Defendants falsely represented or implied that attorney SEARLES had reviewed Plaintiff's account when SEARLES had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

E. Whether Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

F. Whether Defendants misrepresented the true source or nature of the collection communications, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10), Cal. Civil Code § 1788.17 and Cal. Civil Code §§ 1788.13(c) and 1788.16;

G. Whether Defendants threatened to collect attorney's fees from Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

H. Whether Defendants threatened to collect interest from Plaintiff, an action that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);

I. Whether Defendants attempted or threatened to collect on an "open account," an

-4-

1         action that cannot legally be taken or that was not intended to be taken, in violation
2         of 15 U.S.C. § 1692e(5) and Cal. Civil Code § 1788.17;
3   J.  Whether Defendants misrepresented that it was lawfully entitled to attorney's fees
4         pursuant to Cal. Civil Code § 1717.5, in violation of 15 U.S.C. § 1692e(10), Cal.
5         Civil Code § 1788.17 and Cal. Civil Code § 1788.13(e);
6   K.  Whether Defendants misrepresented that it had "retained counsel for the purpose of
7         [the *Resurgence v. Castillo*] action", in violation of 15 U.S.C. § 1692e(10) and Cal.
8         Civil Code § 1788.17;
9   L.  Whether Defendants attempted or threatened to collect interest, fees or other charges
10         from Plaintiff that are not expressly authorized by the agreement creating the account
11         or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1), Cal. Civil Code
12         § 1788.17 and Cal. Civil Code § 1788.13(e); and
13   M.  Whether the Plaintiff's claims are barred in whole or in part by the affirmative
14         defenses asserted by Defendants.

**4. Motions**

There are no motions pending at this time. Both parties will likely file a motion or motions for summary judgment or partial summary judgment.

**5. Amendment of Pleadings**

    **a.    Plaintiff's Statement**

At this time, Plaintiff does not anticipate amending the Complaint. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

    **b.    Defendants' Statement**

Defendants contend that no further amendments should be made to the pleadings, other than by stipulation or with the approval of Court after a noticed motion. Defendants contend that the deadline to file amended pleadings and/or to add parties should be set for no later than 30 days after the date of the Case Management Conference in this action.

///

**6.    Evidence Preservation**

Defendants have directed their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

The parties served formal written disclosures on March 18, 2008, as required by Fed. R. Civ. P. 26(a)(1).

**8.    Discovery**

**Plaintiff's Discovery:** Plaintiff will serve Interrogatories and Requests for Production of Documents shortly. At this time Plaintiff anticipates up to 5 depositions in this matter.

**Defendants' Discovery:**

Defendants will propound written discovery and will take depositions.

**9.    Class Actions**

    **a.    Plaintiff's Statement**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

    **b.    Defendants' Statement**

Defendants contend that this case is not appropriate for class treatment. Defendants ask that the deadline to amend the pleadings to add class allegations should be set for no later than 30 days after the date of the Case Management Conference in this action.

**10.    Related Cases**

The parties are not aware of any related cases at this time.

**11.    Relief**

    **a.    Plaintiff's Statement**

Plaintiff requests that this Court:

    i.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

    ii.    Declare that Defendant, RESURGENCE, violated the Rosenthal Fair Debt

-6-

Collection Practices Act, Cal. Civil Code §§ 1788.13(c), 1788.13(e), 1788.16 and 1788.17;

iii. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

iv. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

v. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

vi. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

vii. Award Plaintiff such other and further relief as may be just and proper.

**b.   Defendants' Statement**

Defendants request that all of Plaintiff's claims be denied and that judgment be entered for Defendants. Defendants reserve the right to seek payment of their costs and attorneys' fees incurred in this action.

**12.   Settlement and ADR**

On March 18, 2008, the parties filed a <u>Notice of Need for ADR Phone Conference</u>.

**13.   Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.   Other References**

None at this time.

**15.   Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.   Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

/ / /

1 **17.    Scheduling**

| | |
|---|---|
| Initial Case Management Conference | March 28, 2008 |
| Close of Fact Discovery | November 14, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | December 5, 2008 |
| Last Day to File Dispositive Motions | January 9, 2009 |
| Opposition to Dispositive Motions | January 23, 2009 |
| Replies to Dispositive Motions | January 30, 2009 |
| Hearing on Dispositive Motions | February 6, 2009, at 9:00 a.m. |
| Final Pre-Trial Conference | March 5, 2009, at 2:00 p.m. |
| Jury Trial | March 23, 2009, at 1:30 p.m. |

**18.    Trial**

The parties anticipate that the action can be ready for trial in March 2009.

Estimated length of trial is 2-3 days.

**19.    Disclosure of Non-Party Interested Entities or Persons**

    **a.    Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.    Emilia Razo Castillo, an individual residing in San Jose, California.

    **b.    Defendants' Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.    Resurgence Financial, LLC

        ii.    Jordan David Cook

        iii.    Nathan Andrew Searles

**20.    Other Matters**

None at this time.

Dated: March 21, 2008                          /s/ Fred W. Schwinn  
                                                      Fred W. Schwinn, Esq.  
                                                        Attorney for Plaintiff  
                                                         EMILIA RAZO CASTILLO

Dated: March 21, 2008                          /s/ Tomio B. Narita  
                                                       Tomio B. Narita, Esq.  
                                                       Attorney for Defendants  
                                                     RESURGENCE FINANCIAL, LLC,  
                                                     JORDAN DAVID COOK, and  
                                                     NATHAN ANDREW SEARLES